## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JAMES BORTOLOTTI,

        Petitioner,

    v.

STEVIE M. KNIGHT,

        Respondent.

Civil Action
No. 22-6137 (CPO)

**OPINION**

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in this Opinion, the Court will dismiss the Petition for Petitioner's failure to exhaust his administrative remedies. This dismissal is without prejudice to the filing of a new § 2241 petition, under a new docket number, after Petitioner has exhausted his administrative remedies.

### I.      BACKGROUND[1]

This case arises from the Bureau of Prison's ("BOP") calculation of Petitioner's earned time credits ("ETC") under the First Step Act ("FSA"), 28 C.F.R. § 523.40 *et. seq.* Petitioner contends that he has participated in the BOP's recidivism reduction program "to the highest extent possible during the entirety" of his imprisonment. (ECF No. 1-2, at 1.) As a result of his participation in the program, Petitioner alleges that he has earned 135 days of ETC which would entitle him to release on November 6, 2022, or December 7, 2022. (*Id.* at 2; ECF No. 2, at 3.)

---

[1] The Court will construe the factual allegations in the Petition as true for the purpose of this screening only. The Court has made no findings as to the veracity of Petitioner's allegations.

According to Petitioner, without those credits, the BOP intends to release Petitioner "no earlier than February 14, 2023." (ECF No. 2, at 3.)

The BOP has refused to grant him those credits, but Petitioner appears to be unaware of the BOP's exact reasons for refusal. (*Id.* at 2–3.)  Petitioner suggests that it could be because of "incomplete surveys," incomplete assessment periods in connection with his psychological intake, or because there is "limited capacity in the Kensington" residential release center.  (*Id.*)

On or about October 7, 2022, Petitioner initiated the administrative remedy process by submitting a BP-8 form to contest his ETC calculation.  (ECF No. 1-2, at 1.)  Petitioner admits that he has "not completely exhausted [his] administrative remedies." (*Id.*)   On October 18, 2022, Petitioner filed the instant Petition under 28 U.S.C. § 2241, challenging the BOP's calculation of his ETCs. (ECF No. 1)

## II.     STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"). More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III.   DISCUSSION

The Court must address the issue of exhaustion as it appears on the face of the Petition that Petitioner has failed to exhaust his administrative remedies.  Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner may not ordinarily bring a § 2241 petition, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *E.g.*, *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

Courts require exhaustion for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62; *see also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).  Nevertheless, exhaustion is not required where it would not promote these goals, such as where  exhaustion "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm" *Lyons*, 840 F.2d at 205; *see also, e.g.*, *Gambino*, 134 F.3d at 171 (finding that exhaustion is not required where petitioner demonstrates futility).

To determine whether a prisoner has exhausted his administrative remedies, courts look to the agency's applicable grievance procedure and rules, in this case, the BOP. *See Jones v. Bock*, 549 U.S. 199, 218 (2007).  Pursuant to the BOP's administrative remedy program, an inmate must generally attempt to informally resolve the issue by presenting it to staff through a BP-8 form. *See* 28 C.F.R. § 542.13.  If that fails to informally resolve the issue, then the inmate may

submit a BP-9 form to the warden. *See* 28 C.F.R. § 542.14. An inmate who is dissatisfied with the warden's response may appeal to the regional director with a BP-10, and an inmate who is dissatisfied with the regional director's decision may appeal to the general counsel in the central office, through a BP-11. *See* 28 C.F.R. § 542.15(a). An appeal to the general counsel is the final level of administrative appeal. *Id.*

With those principles in mind, Petitioner concedes that he has not exhausted his administrative remedies. (ECF No. 1-2, at 1–2.) Petitioner states that he only submitted a BP-8 on October 7, 2022, which remained pending on October 18, 2022, when Petitioner filed the instant Petition. (*Id.* at 1.) Petitioner argues that the Court should excuse his failure to exhaust because: (1) the administrative remedy process "could take months to complete," and (2) requiring exhaustion would subject him to "irreparable harm." (*Id.* at 1–2.) Petitioner does not specify the "harm" at issue, but the Court will construe the harm as his continued incarceration. (*Id.*)

First, the Court will construe Petitioner's first argument as claiming that exhaustion would be futile "because he believes that he [should] be released before the [administrative remedy] process is completed." *Sutton v. Moser*, No. 19-210, 2019 WL 2743959, at *4 (W.D. Pa. July 1, 2019). "District courts within the Third Circuit have repeatedly rejected the argument that a federal prisoner can be excused from the exhaustion requirement simply because he is approaching his projected release date and may not finish his administrative appeal[s] before a potential habeas claim would become moot." *Id.* (citing *Allah v. Rechtenwald*, No. 15-267, 2016 WL 6081524, *3 (W.D. Pa. Aug. 19, 2016) (listing cases); *see also, e.g.*, *Rosales v. Hollingsworth*, No. 15-3840, 2015 WL 4314572, at *2 (D.N.J. July 14, 2015).

Courts have rejected these time restriction arguments because they allow prisoners to engage in the self-serving strategy of waiting until it is too late to engage in the administrative

remedy process, and then argue that there is insufficient time for those remedies to run their course. *E.g.*, *Ortiz v. Zickefoose*, No. 10-6767, 2011 WL 6140741, at *4 (D.N.J. Dec. 8, 2011) (citing cases); *Velez v. Zickefoose,* 2010 WL 5186158 at *3–4 (D.N.J. Dec.15, 2010)("such self-serving strategy has never been rewarded by the courts with habeas relief").

Further, "Petitioner's case fits squarely within the parameters of the purposes of exhaustion." *Cf. Furando v. Ortiz*, No. 20-3739, 2020 WL 3264161, at *3 (D.N.J. June 17, 2020*)*. First, the fact that Petitioner is not sure why the BOP has refused to provide him with ETCs shows the need for "Petitioner to attempt to resolve this at the administrative level first" and develop a factual record. *See Chaparro v. Ortiz*, No. 20-5272, 2020 WL 4251479, at *5 (D.N.J. July 24, 2020) (noting the need to develop the factual record when the BOP's efforts are in dispute). "Second, Petitioner could potentially obtain relief from the BOP without using judicial resources." *Furando*, 2020 WL 3264161, at *3. Petitioner simply assumes that the BOP will reject his administrative remedies, but the BOP could very well grant Petitioner the relief he seeks. *See Shoup v. Shultz*, No. 09-0585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009) ("Having no information as to what the decisions of these officials would be, this Court cannot find . . . [that] these decisions would be 'hypothetically illegal,' same as the Court cannot deem the exhaustion process 'futile.'"). Finally, as Petitioner is confident that the BOP has made a mistake, the BOP should have an opportunity to correct its own errors. Accordingly, for all those reasons, the Court finds that requiring Petitioner to exhaust his administrative remedies would promote the goals of exhaustion, and that exhaustion is not futile in this case.

As to Petitioner's second argument, that his continued incarceration will subject him to "irreparable harm," the Court disagrees. The risk of irreparable harm requires a clear showing of immediate irreparable injury or a presently existing actual threat. *Douvos v. Quintana*, 382 F.

App'x 119, 122 (3d Cir. 2009); *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980). Without more,[2] courts have rejected the notion that a prisoner will "suffer irreparable injury if he is denied early release or release to a halfway house." *Douvos*, 382 F. App'x at 122; *United States v. Knight*, No. 08-141-06, 2017 WL 75575, at *3 (M.D. Pa. Jan. 9, 2017) (citing *Kotz v. Lappin*, 515 F. Supp. 2d 143, 152 (D.D.C. 2007) ("Without showing that his incarceration is wrongful, the court is loathe to declare that the [prisoner] would suffer 'extreme or very serious damage' by serving the remainder of a properly-imposed sentence.")). As Petitioner does not allege that he faces any threat of immediate injury or other harm, the Court finds that he has failed to demonstrate that the BOP's administrative remedy program is "clearly . . . inadequate to prevent [an] irreparable harm." *Lyons*, 840 F.2d at 205.

In his Petition, Petitioner relies on *Pimentel v. Gonzales*, 367 F. Supp. 2d 365, 371 (E.D.N.Y. 2005), where the Eastern District of New York observed that "[w]ere Pimentel required to pursue administrative remedies prior to bringing this action, he would likely be done serving much, if not all of his entire sentence[,] such that his request would become moot." Focusing on that language, Petitioner argues that this Court should excuse his failure to exhaust, as the Eastern District of New York did for Mr. Pimentel. (ECF No. 1-2, at 2.)

This Court disagrees. In *Pimental*, the court did not excuse Mr. Pimental's failure to exhaust because of the time restriction issue. *Pimentel*, 367 F. Supp. 2d at 371. As that court explained, "[t]he fact that Pimentel did not file the instant petition until the eve of his final six months in custody, *does not* of course, compel this court to waive the exhaustion of remedies

---

[2] For example, if Petitioner faced a specific threat of violence, his continued incarceration could constitute a risk of irreparable harm. Petitioner's filings, however, do not allege that he is in any present danger. (ECF Nos. 1, 2); *see Douvos*, 382 F. App'x at 122 (concluding that the Petitioner failed to demonstrate that his continued incarceration presented a risk of irreparable harm since, "he has already served, apparently without serious incident, four years of his five-year sentence").

requirement for fear that Pimentel would suffer imminent harm." *Id*. at 371 n.6 (emphasis added). Rather, the court excused Mr. Pimental's failure to exhaust because, pursuant to a statutory change, "the BOP [had] already categorically exercised its discretion to deny Pimentel the relief he seeks." *Id*.

       In the present case, Petitioner is not "challenging the legality of BOP regulations or presenting an issue of statutory construction that might justify excusing him from the exhaustion requirement." *E.g.*, *Sutton v. Moser*, No. 19-210, 2019 WL 2743959, at *4 (W.D. Pa. July 1, 2019); *see also Wells v. Spaulding*, No. 22-1551, 2022 WL 17228665, at *2 (M.D. Pa. Nov. 23, 2022); *Bradley v. Spaulding*, No. 20-2294, 2021 WL 1964598, at *2 (M.D. Pa. May 17, 2021) (explaining that courts have excused exhaustion in the context of the FSA where the issue solely involved a matter of statutory construction). Instead, Petitioner argues that the statutes at issue are valid, but that for unclear reasons, the BOP is failing to comply with those statutes. (ECF No. 1-2, at 1–2.)

       Accordingly, as Petitioner has not shown that exhaustion would be futile or that requiring exhaustion would subject him to irreparable harm, the Court will not excuse Petitioner's failure to exhaust. Consequently, the Court will dismiss the Petition for Petitioner's failure to exhaust his administrative remedies.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for Petitioner's failure to exhaust his administrative remedies.  This dismissal is without prejudice to the filing of a new petition pursuant to 28 U.S.C. § 2241, under a new docket number, after Petitioner has exhausted his administrative remedies.  Additionally, the Court will deny Petitioner's motion for injunctive relief, (ECF No. 2), as moot.  An appropriate Order follows.


DATED:  December 27, 2022

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**
